**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ROBERT W. AHLSTROM,
       *Plaintiff-Appellant*,

v.

DHI MORTGAGE COMPANY, LTD.,
L.P.,
       *Defendant-Appellee*.

No. 20-15114

D.C. No.
5:19-cv-03435-
BLF

OPINION

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted March 5, 2021
San Francisco, California

Filed December 29, 2021

Before: Kim McLane Wardlaw and Marsha S. Berzon,
Circuit Judges, and Dean D. Pregerson,[*] District Judge.

Opinion by Judge Pregerson

---

   [*] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

# SUMMARY[*]

## Arbitration

The panel reversed the district court's order dismissing a putative class action complaint and granting the defendant's motion to compel arbitration pursuant to the Federal Arbitration Act, and remanded for further proceedings.

When the plaintiff was hired as a loan officer by DHI Mortgage Co. ("DHIM"), he signed a Mutual Arbitration Agreement ("MAA") with D.R. Horton, the parent company of DHIM. The MAA included a delegation clause providing that the arbitrator would have "exclusive authority to resolve any dispute relating the formation, enforceability, applicability, or interpretation" of the MAA. The plaintiff brought employment-related claims. DHIM moved to compel arbitration and to dismiss the putative class claims. The plaintiff opposed the motion, contending that the MAA was never properly formed due to a failure to satisfy a condition precedent in the MAA. The district court granted DHIM's motion. Citing the delegation clause, the district court concluded that formation issues, including the plaintiff's condition precedent argument, could not be decided by the court, and were instead delegated to the arbitrator.

The panel held that it is well-established that some "gateway" issues pertaining to an arbitration agreement, such as issues of validity and arbitrability, can be delegated

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

to an arbitrator by agreement.  Agreeing with other circuits, the panel held, however, that parties may not agree to delegate issues of formation to an arbitrator.

The panel further held that the MAA did not constitute a properly formed agreement between the plaintiff and D.R. Horton, with which the plaintiff had no employment relationship.  The panel concluded that the MAA, as drafted, described a relationship between the plaintiff and D.R. Horton that did not exist, and thus did not constitute a properly formed agreement to arbitrate.

## COUNSEL

Shaun Setareh (argued) and Thomas Segal, Setareh Law Group, Beverly Hills, California, for Plaintiff-Appellant.

Jennifer L. Katz (argued) and Jack S. Sholkoff, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Los Angeles, California, for Defendant-Appellee.

## OPINION

PREGERSON, District Judge:

Robert Ahlstrom ("Ahlstrom") appeals the district court's order dismissing his putative class action complaint and granting DHI Mortgage Company, Ltd.'s ("DHIM") motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*

Ahlstrom contends that the arbitration agreement upon which DHIM relies was not properly formed.  The district

court found that it could not decide the issue because the arbitration agreement delegated issues of contract formation to the arbitrator.  Ahlstrom timely appealed the district court's order.

We have jurisdiction under 28 U.S.C. § 1291.  For the reasons set forth below, we reverse.

## FACTUAL BACKGROUND

DHIM employed Ahlstrom as a loan officer from July 20, 2015 to December 9, 2016.  On July 24, 2015, Ahlstrom signed a Mutual Arbitration Agreement ("MAA") as part of the new-hire onboarding process.  The MAA provides, in relevant part, that "[t]he undersigned employee ('Employee') and D.R. Horton, Inc., (the 'Company') voluntarily and knowingly enter into this Mutual Arbitration Agreement . . . ."  Nonparty D.R. Horton, Inc. ("D.R. Horton") is the parent company of Appellee DHIM.  Although neither Ahlstrom nor DHIM contends that Ahlstrom was ever an employee of D.R. Horton, DHIM has maintained throughout this action that Ahlstrom entered into the MAA with D.R. Horton.

The MAA goes on to provide that the signatories agree that "all legal disputes and claims between them, including without limitation those relating to Employee's employment with the Company or any separation therefrom and claims by Employee against the Company's parents, subsidiaries, affiliates, directors, employees, or agents, shall be determined exclusively by final and binding arbitration."  The MAA also contains a delegation clause providing that the arbitrator "shall have exclusive authority to resolve any dispute relating to the formation, enforceability, applicability, or interpretation of this [MAA]."

*PROCEDURAL HISTORY*

On August 2, 2017, Ahlstrom filed a putative class action (the "first action") in the Northern District of California alleging various employment-related claims against D.R. Horton and DHI Mortgage Company GP.[1] Although the parties now agree that DHIM was Ahlstrom's only employer, at the time of the first action, Ahlstrom appears to have been unaware that DHIM was his employer and did not name DHIM as a defendant. The defendants in the first action moved to compel arbitration pursuant to the same MAA that is the subject of this appeal, maintaining, as DHIM does here, that Ahlstrom entered into the MAA with D.R. Horton. On November 30, 2018, the district court granted the motion, ordered Ahlstrom's individual claims to arbitration, and dismissed Ahlstrom's putative class action claims pending the resolution of the arbitration. Ahlstrom did not appeal.

On March 27, 2019, Ahlstrom filed a putative state court class action in Alameda County Superior Court, naming DHIM as the defendant-employer. Ahlstrom alleged employment-related causes of action identical to those brought in the first action against D.R. Horton. DHIM timely removed the action to the Northern District of California. On July 22, 2019, relying on the MAA, DHIM moved to compel arbitration and to dismiss the putative class claims. Ahlstrom opposed the motion, contending that the

---

[1] We **GRANT** Ahlstrom's unopposed Motion to take Judicial Notice and take notice of the filings in the first state court action, *Ahlstrom v. DHI Mortgage Company GP, Inc.*, Case No. 3:17-cv-03843. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

MAA was never properly formed due to a failure to satisfy a condition precedent in the MAA.[2]

On January 16, 2020, the district court granted DHIM's motion. Citing the MAA's delegation clause, the district court concluded that formation issues, including Ahlstrom's condition precedent argument, could not be decided by the court, and were instead delegated to the arbitrator. Ahlstrom timely appealed the district court's order compelling arbitration.

## STANDARD OF REVIEW

We review the district court's order compelling arbitration de novo. *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1041 (9th Cir. 2020). We also review "legal conclusions regarding the existence of a valid, binding contract de novo." *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1211 (9th Cir. 2016) (emphasis omitted).

---

[2] The MAA includes an opt-out provision stating:

> Employee may opt out of this Agreement by delivering, within 30 days of the date this Agreement is provided to Employee, a completed and signed Opt-Out Form to the Company's senior Human Resources officer at the Company's headquarters. An Opt-Out Form is available from Human Resources upon request. If Employee does not deliver the executed form within 30 days, and if Employee accepts or continues employment with the Company after that date, he or she shall be deemed to have accepted the terms of this Agreement.

*DISCUSSION*

## I. Delegability of Contract Formation Issues

"The cardinal precept of arbitration is that it is 'simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration.'" *Local Joint Exec. Bd. v. Mirage Casino-Hotel, Inc.*, 911 F.3d 588, 595 (9th Cir. 2018) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). "Because of this axiomatic principle, a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Int'l Bhd. of Teamsters*, 957 F.3d at 1041 (internal alterations and quotation marks omitted) (citation omitted); *see also First Options*, 514 U.S. at 945 ("[A] party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration . . . ."). Accordingly, the Supreme Court has instructed that "courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010). Thus, "[w]here a party contests either or both matters, the court must resolve the disagreement." *Id.* at 299–300 (internal quotation marks omitted) (citation omitted).

It is well-established that some "gateway" issues pertaining to an arbitration agreement, such as issues of validity and arbitrability, can be delegated to an arbitrator by agreement. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003) ("[G]ateway matters, [include] whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain

type of controversy."); *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) (collecting cases).

DHIM argues that, like issues of validity and arbitrability, parties may also agree to delegate issues of formation to an arbitrator. We do not agree. *See Granite Rock*, 561 U.S. at 299–300; *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007); *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, 845 F.3d 979, 983 (9th Cir. 2017) ("Although challenges to the *validity* of a contract with an arbitration clause are to be decided by the arbitrator, challenges to the very *existence* of the contract are, in general, properly directed to the court." (emphasis added) (internal citations omitted)). As the Supreme Court has recognized, a court should order arbitration only if it is convinced an agreement has been formed. *See Granite Rock*, 561 U.S. at 299–300; *First Options*, 514 U.S. at 943.

We are not inclined to disrupt this well-settled principle. Although DHIM argues that "the court does not have the authority to decide" whether an agreement to arbitrate exists "where the parties have 'clearly and unmistakably' delegated the arbitrability issues to the arbitrator," the Fifth and Tenth Circuits have rejected that very argument. *See, e.g.*, *Edwards v. Doordash, Inc.*, 888 F.3d 738, 744 (5th Cir. 2018) ("Arguments that an agreement to arbitrate was never formed, though, are to be heard by the court even where a delegation clause exists. . . . [This] test is limited to contract formation." (citing *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016)); *Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1104 (10th Cir. 2020) ("Courts must . . . first determine whether an arbitration agreement was indeed formed before enforcing a delegation clause therein.").

We agree with our sister circuits and hold that parties cannot delegate issues of formation to the arbitrator.  Here, where Ahlstrom challenged the very existence of an agreement to arbitrate, the district court was required to address Ahlstrom's challenge and determine whether an agreement existed.  *See Granite Rock*, 561 U.S. at 299–300.  If no agreement to arbitrate was formed, then there is no basis upon which to compel arbitration.

## II.  Formation of the MAA

We next address whether the MAA constitutes a properly formed agreement between Ahlstrom and D.R. Horton.

On its face, the MAA is plainly drafted to govern an employer-employee relationship.  For example, in Paragraph 1, the MAA states that "Employee and the Company both agree all legal disputes and claims between them, including without limitation those relating to Employee's employment with the Company or any separation therefrom . . . shall be determined exclusively by final and binding arbitration."  Paragraph 4 indicates that notice must be sent to the employee's "most recent residence address reflected in the Company's employment records."  Further, an employee initiating a claim must contribute "an amount equal to the filing fee to initiate the claim in the court of general jurisdiction in the state in which Employee is or was last employed by the Company."  Paragraph 9 further states that the "Agreement shall remain in effect even after the termination of Employee's employment with the Company."  Additionally, the MAA's opt-out provision, which applies to and can only be exercised by an employee of the Company, requires that employee to obtain a form from the employer and deliver that form to the employer's headquarters, and provides that the ability to opt out can no longer be exercised "if Employee accepts or continues

employment" after a certain date. Finally, Paragraph 12 provides that "[b]y signing this Agreement, Employee acknowledges that he or she is knowingly and voluntarily waiving the right to file a lawsuit relating to Employee's employment with the Company."

None of these provisions, however, has any relevance to any relationship between Ahlstrom and D.R. Horton. Indeed, no party has taken the position that there is any relationship between Ahlstrom and D.R. Horton, let alone the type of employer-employee relationship contemplated by the MAA. All parties appear to agree that Ahlstrom's only employer was DHIM. Yet, in its introductory sentence, the MAA defines Ahlstrom's employer (i.e., "the Company") as D.R. Horton alone. Nowhere in the MAA is there any specific reference to Ahlstrom's actual employer, DHIM.

Notwithstanding this fundamental omission, DHIM has not argued at any time during this action, either to the district court or to us, that the MAA's definition of D.R. Horton as the employer was a mistake or scrivener's error, or that it otherwise should have referenced DHIM. Instead, DHIM argues that Ahlstrom "entered into a binding arbitration agreement . . . with D.R. Horton." [3] To the extent DHIM suggests that the definition of D.R. Horton as the employer also encompasses D.R. Horton's subsidiaries, such as DHIM, DHIM is mistaken. Courts adhere to the fundamental principle that corporations, including parent

---

[3] Although DHIM briefly states, that an "agreement to arbitrate . . . was entered into by Ahlstrom . . . and DHIM," this passing reference is inconsistent with DHIM's repeated, core contention that Ahlstrom "entered into a binding arbitration agreement . . . with D.R. Horton, but also covering all claims he might have against DHIM."

companies and their subsidiaries, are treated as distinct entities. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003); *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015); *United States v. Bennett*, 621 F.3d 1131, 1137 (9th Cir. 2010). As such, the parent-subsidiary relationship between D.R. Horton and DHIM is insufficient to establish that the MAA in any way identifies the latter as the employer. The parties have not argued, nor is there evidence to suggest, that DHIM and D.R. Horton share the same rights, liabilities, or employees. Nor is there any other factual basis to disregard the entities' separate corporate forms. Put simply, the MAA, as drafted, describes and governs a relationship between Ahlstrom and D.R. Horton that does not exist, and thus does not constitute a properly formed agreement to arbitrate.[4]

## *CONCLUSION*

For the foregoing reasons, we **REVERSE** the district court's order granting DHIM's motion to compel arbitration and **REMAND** to the district court for further proceedings consistent with this opinion.

---

[4] Although the MAA could perhaps have defined "the Company" to include DHIM, broadened the scope of who the "employer" is, or otherwise have been drafted to apply to the parties to this case, this is not how D.R. Horton chose to draft the MAA, and it is not for us to fix any defect on behalf of D.R. Horton, DHIM, or any other entity. *Arriagarazo v. BMW of N. Am., LLC*, 64 Cal. App. 5th 742, 748 (2021) ("Courts must refrain from altering or rewriting a contract, and they must not 'add a term to a contract about which the agreement is silent.'" (quoting *Moss Dev. Co. v. Geary*, 41 Cal. App. 3d 1, 9 (1974))).