**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

APR 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PRIESTLEY FAUCETT, individually and on behalf of all others similarly situated,

        Plaintiff - Appellee,

  v.

MOVE, INC., doing business as Realtor.com,

        Defendant - Appellant.

No. 24-2631

D.C. No.
2:22-cv-04948-ODW-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted April 11, 2025[**]
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and SIMON, District Judge.[***]

Defendant-Appellant Move, Inc. appeals the district court's order denying

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Move's motion to compel arbitration and motion to stay litigation of a putative class action filed by Plaintiff-Appellee Priestley Faucett, alleging that Move violated the Telephone Consumer Protection Act (TCPA). We have jurisdiction under 9 U.S.C. § 16(a)(1)(B), and we affirm.

1. We review a district court's order denying a motion to compel arbitration de novo and any underlying factual findings for clear error. *See Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1153 (9th Cir. 2025). Move attempts to compel arbitration pursuant to the terms and conditions (the Terms) of HudHomesUSA.org (the Website), which include an arbitration provision. Faucett agreed to the Terms on April 29, 2022, when he registered to use the Website. The Website is owned and operated by Nations Info Corp., which provides leads to Opcity, Inc., a subsidiary of Move. While registering with the Website, Faucett also consented to receive messages from and on behalf of various entities, including Opcity. Neither Move nor Opcity are a signatory to the Terms.

The Federal Arbitration Act (FAA) "allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions," but "there must be clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029 (9th Cir. 2022) (internal quotation marks and citations omitted). Such delegation is "simply an additional, antecedent agreement" to the agreement to arbitrate. *Rent-A-Ctr.,*

*W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010).

The Terms do not contain clear and unmistakable evidence that the contracting parties, Faucett and Nations, agreed to arbitrate arbitrability with nonsignatories like Move.[1] *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1127 (9th Cir. 2013). The Terms are an agreement between Faucett and Nations, and that agreement names neither Move nor Opcity. Although some provisions limit the user's rights against Nations "and its Affiliates," which are defined as "licensors, independent contractors, providers and affiliates," there is no indication that Move is an Affiliate. *See Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 946–47 (9th Cir. 2022) (determining whether a third party demonstrated an actual benefit based on the language of the arbitration clause). Opcity, not Move, has a contractual relationship with Nations, and even assuming Move is involved in Opcity's business to some extent, the two are separate corporate entities. *See Ahlstrom v. DHI Mortg. Co., LLP*, 21 F.4th 631, 635–36 (9th Cir. 2021) (rejecting a party's argument that, in the context of an arbitration agreement, a reference to a

---

[1] Here, the arbitration provision incorporates the rules of the American Arbitration Association (AAA). The parties dispute whether this incorporation provides clear and unmistakable evidence of the delegation of arbitrability. Their arguments partly turn on whether *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015), applies to consumer contracts. We have "not yet decided whether *Brennan's* holding should extend to arbitration clauses in consumer contracts between a sophisticated entity and an average unsophisticated consumer." *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024). Because Move's delegation arguments fail for other reasons, we do not decide that issue today.

company also encompassed the company's subsidiaries based on "the fundamental principle that corporations, including parent companies and their subsidiaries, are treated as distinct entities"). Also, while several provisions of the Terms mention Affiliates, the arbitration provision does not. At most, the arbitration provision's mandate to arbitrate "any and all disputes relating to these Terms" is ambiguous as to its intent to bind nonsignatories; therefore, it is insufficient. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

2. Move is not entitled to enforce the Terms as a third-party beneficiary. "[A] litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Kramer*, 705 F.3d at 1128 (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009)).

Under California law,[2] an arbitration agreement "may be enforced" by a "third party beneficiary of the agreement." *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1233 (9th Cir. 2013) (quoting *Nguyen v. Tran*, 68 Cal. Rptr. 3d 906, 909 (Ct. App. 2007)). "[A] non-signatory is a third-party beneficiary only to a contract 'made expressly for [its] benefit.'" *Ngo*, 23 F.4th at 946 (alteration in original) (quoting Cal. Civ. Code § 1559). The nonsignatory must demonstrate that

---

[2] The parties agree that California law governs Move's ability to enforce the Terms as a third-party beneficiary.

"'express provisions of the contract,' considered in light of the 'relevant circumstances,' show that (1) 'the third party would in fact benefit from the contract;' (2) 'a motivating purpose of the contracting parties was to provide a benefit to the third party;' and (3) permitting the third party to enforce the contract 'is consistent with the objectives of the contract and the reasonable expectations of the contracting parties.'" *Id.* (quoting *Goonewardene v. ADP, LLC*, 434 P.3d 124, 133 (Cal. 2019)).

First, the Terms only incidentally benefit Move by requiring users to provide accurate information when registering, thereby minimizing the number of false leads Nations provides to its subsidiary Opcity. *See id.* (explaining that a "third party that 'only incidentally or remotely benefit[s]' from a contract" is not a third-party beneficiary (alteration in original) (quoting *Lucas v. Hamm*, 364 P.2d 685, 689 (Cal. 1961))). Because a user may register with the Website without consenting to communications from third parties like Opcity, Move's argument that the Terms shield it from TCPA liability is unavailing. Although several provisions of the Terms provide benefit Affiliates, as discussed above, Move provides no evidence that it is an Affiliate.[3]

Second, there is no evidence that benefitting Move was a motivating purpose

---

[3] Also, the arbitration provision does not expressly apply to Affiliates. *See Ngo*, 23 F.4th at 946–47.

of the Terms. The contractual language does not clearly manifest an intent to make the obligations of the Terms inure to the benefit of Move (or a class of entities that includes Move) such that the promisor would have understood that the promisee had such intent. *See Levy v. Only Cremations for Pets, Inc.*, 271 Cal. Rptr. 3d 250, 257–58 (Ct. App. 2020). Faucett's consent to be contacted by and on behalf of Opcity, Move's subsidiary, does not demonstrate that the Terms were intended to benefit Move. *Cf. Goonewardene*, 434 P.3d at 133 (rejecting an employee's argument that the motivating purpose of her employer's contract with a payroll company was to benefit employees).

Third, Move has not shown that permitting it to enforce the arbitration provision is consistent with the "objectives of the *enterprise* embodied" in the Terms or the reasonable expectations of Faucett and Nations. *Ngo*, 23 F.4th at 948 (quoting *Goonewardene*, 434 P.3d at 133). The enterprise embodied in the Terms is Faucett's use of the Website. Neither the language of the Terms nor the circumstances of the transaction suggests that allowing Move to compel arbitration as a third-party beneficiary "will effectuate the contracting parties' performance objectives" under the Terms. *Id.*

Because the Terms do not expressly benefit Move, it may not enforce them as a third-party beneficiary under California law. The district court correctly declined to compel arbitration.

**AFFIRMED.**