**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT PLATT, individually and on behalf of all others similarly situated, | No. 23-55737 |
| *Plaintiff - Appellee*, | D.C. No. 8:22-cv-02211-DOC-ADC |
| v. | |
| SODEXO, S.A. and SODEXO, INC., | OPINION |
| *Defendants - Appellants*. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted September 12, 2024
Pasadena, California

Filed August 4, 2025

Before: Michelle T. Friedland and Roopali H. Desai,
Circuit Judges, and Karen E. Schreier, District Judge.[*]

Opinion by Judge Desai

---

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

## SUMMARY**

### Arbitration / ERISA

The panel affirmed in part and reversed in part the district court's judgment against Robert Platt, and remanded, in a case in which Platt sued his employer, Sodexo, Inc. and Sodexo, S.A. (collectively, "Sodexo"), claiming that a monthly tobacco surcharge on his employee health insurance premiums violated the Employee Retirement Income Security Act (ERISA).

Platt brings claims on behalf of himself and other plan participants to recover losses under ERISA § 502(a)(1)(B) and § 502(a)(3), and a breach of fiduciary duty claim on behalf of the employer-sponsored health insurance plan ("the Plan") for losses under ERISA § 502(a)(2). Sodexo seeks to compel arbitration pursuant to an arbitration provision that it unilaterally inserted into the Plan after Platt joined the Plan. The district court denied Sodexo's motion to compel arbitration and held that there was no enforceable arbitration agreement because Sodexo impermissibly unilaterally modified the Plan to add the arbitration provision, and Platt never agreed to arbitrate his claims.

The panel agreed that an employer does not create a valid arbitration agreement by unilaterally modifying an ERISA-governed plan to add an arbitration provision. Instead, the employer must obtain consent from the relevant party to form a valid arbitration agreement.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that Platt is the relevant consenting party for claims under ERISA § 502(a)(1)(B) and § 502(a)(3) in which he seeks to recover losses by plan participants. Platt did not consent to arbitration because he did not receive sufficient notice of the addition of the arbitration provision or that his continued participation in the Plan would constitute consent to arbitration.

The panel held that the Plan is the relevant consenting party for the breach of fiduciary duty claim under ERISA § 502(a)(2) in which Platt seeks redress for losses by the Plan. The Plan consented to arbitration because its terms cede broad authority to Sodexo to amend the Plan's terms.

Platt argued in the alternative that even if the Plan consented to the arbitration provision, the provision is still unenforceable because a prohibition on representative actions, which are statutorily guaranteed under §§ 502(a)(2) and 409(a), violates the effective vindication doctrine. The panel held that the provision prohibiting representative actions is invalid under the effective vindication doctrine.

Platt also argued that certain clauses in the arbitration agreement are unconscionable. The panel held that ERISA does not preempt Platt's unconscionability defenses, which are rooted in federal common law.

The panel thus affirmed the district court's denial of Sodexo's motion to compel arbitration as to Platt's claims under ERISA § 502(a)(1)(B) and § 502(a)(3). The panel reversed in part the district court's denial of Sodexo's motion to compel arbitration as to Platt's breach of fiduciary duty claim under ERISA § 502(a)(2), and remanded with instructions for the district court to consider, in the first instance, Platt's unconscionability defenses, and the

severability of both the representative action waiver and any of the arbitration clauses that it may find unconscionable.

**COUNSEL**

George A. Hanson, Caleb Wagner, Alexander T. Ricke, and Yasmin Zainulbhai, Stueve Siegel Hanson LLP, Kansas City, Missouri; Jason S. Hartley, Hartley LLP, San Diego, California; for Plaintiff-Appellee.

Michael M. Kowsari, Jackson Lewis PC, Irvine, California; René E. Thorne, Ryan M. Tucker, and Sean Paisan, Jackson Lewis PC, New Orleans, Louisiana; for Defendants-Appellants.

Julie Pittman, Trial Attorney, Plan Benefits Security Division, Office of the Solicitor, United States Department of Labor, New York, New York; Alyssa George, Trial Attorney; Jefferey M. Hahn, Counsel for Appellate and Special Litigation; Wayne R. Berry, Associate Solicitor for Plan Benefits Security; Plan Benefits Security Division; Seema Nanda, Solicitor of Labor; Office of the Solicitor, United States Department of Labor, Washington, D.C.; for Amicus Curiae United States Secretary of Labor.

Leah M. Nicholls, Public Justice PC, Washington, D.C., for Amicus Curiae Public Justice.

# OPINION

DESAI, Circuit Judge:

Robert Platt sued his employer, Sodexo, Inc. and Sodexo, S.A. (collectively, "Sodexo"), claiming that a monthly tobacco surcharge on his employee health insurance premiums violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. He brings claims on behalf of himself and other plan participants to recover losses under ERISA § 502(a)(1)(B) and § 502(a)(3), and a breach of fiduciary duty claim on behalf of the employer-sponsored health insurance plan ("the Plan") for losses under ERISA § 502(a)(2). 29 U.S.C. § 1132. Sodexo seeks to compel arbitration pursuant to an arbitration provision that it unilaterally inserted into the Plan after Platt joined the Plan. The district court denied Sodexo's motion to compel arbitration and held that there was no enforceable arbitration agreement because Sodexo impermissibly unilaterally modified the Plan to add the arbitration provision, and Platt never agreed to arbitrate his claims. Sodexo timely appealed.

We agree that an employer does not create a valid arbitration agreement by unilaterally modifying an ERISA-governed plan to add an arbitration provision. Instead, the employer must obtain consent from the relevant party to form a valid arbitration agreement. Thus, we start by asking: (1) who is the relevant consenting party, and (2) did that party consent to the arbitration agreement? First, we hold that Platt is the relevant consenting party for claims under ERISA § 502(a)(1)(B) and § 502(a)(3) in which he seeks to recover losses by plan participants. Platt did not consent to arbitration because he did not receive sufficient notice of the

addition of the arbitration provision or that his continued participation in the Plan would constitute consent to arbitration. Second, we hold that the Plan is the relevant consenting party for the breach of fiduciary duty claim under ERISA § 502(a)(2) in which Platt seeks redress for losses by the Plan. The Plan consented to arbitration because its terms cede broad authority to Sodexo to amend the Plan's terms. Platt argues in the alternative that the prohibition on representative actions, which are statutorily guaranteed under §§ 502(a)(2) and 409(a), violates the effective vindication doctrine. We now hold that the provision prohibiting representative actions is invalid under the effective vindication doctrine. Platt also argues that certain clauses in the arbitration agreement are unconscionable. But the district court did not address Platt's unconscionability defenses, nor did it consider whether the challenged arbitration clauses—to the extent they are invalid—can be severed from the arbitration agreement.

We thus affirm the district court's denial of Sodexo's motion to compel arbitration as to Platt's claims under ERISA § 502(a)(1)(B) and § 502(a)(3). We reverse in part the district court's denial of Sodexo's motion to compel arbitration as to Platt's breach of fiduciary duty claim under ERISA § 502(a)(2), and remand with instructions for the district court to consider, in the first instance, Platt's unconscionability defenses, and the severability of both the representative action waiver and any of the arbitration clauses that it may find unconscionable.

## BACKGROUND

Robert Platt is an employee of Sodexo, Inc., a wholly owned subsidiary of Sodexo, S.A. In 2016, Platt enrolled in the Plan, which is governed by ERISA. The Plan required

Platt to pay a monthly tobacco surcharge. In 2021, Sodexo unilaterally amended the Plan's governing document to add an arbitration provision. The provision states that "[a]ny claim under ERISA or otherwise with respect to the Plan, other than a claim for benefits [brought] under [§] 502(a)(1)(B) of ERISA[,] shall be submitted to binding arbitration." The arbitration provision also prohibits claims brought "as a plaintiff or class member in any purported class or representative proceeding."

Platt filed a class action lawsuit against Sodexo in 2022. He asserts two claims under ERISA § 502(a)(3) on behalf of himself and the class, arguing that the tobacco surcharge violated ERISA by failing to provide a "reasonable alternative standard" for plan participants to avoid paying the surcharge and requisite notice of such an alternative standard. He also asserts a claim under § 502(a)(1)(B) on behalf of himself and the class for violation of the Plan's terms in implementing the tobacco surcharge. Finally, Platt asserts a claim under § 502(a)(2) on behalf of the Plan for breach of fiduciary duty.

Sodexo moved to compel arbitration. Platt opposed the motion, arguing that (1) there was no enforceable arbitration agreement because he did not consent to arbitration; (2) even if he consented, the arbitration agreement is still unenforceable because the representative action waiver violates the effective vindication doctrine and because there are multiple unconscionable provisions, including a clause that improperly reduces the statute of limitations ("SOL") for breach of fiduciary duty claims and a clause that impermissibly bars the recovery of attorneys' fees; and (3) his claim under ERISA § 502(a)(1)(B) is expressly outside of the scope of the arbitration provision.

The district court denied Sodexo's motion to compel, holding that the employer's right to unilaterally amend an ERISA plan did not extend to adding arbitration provisions. In addition, the district court held that Platt did not consent to the arbitration provision, and thus the arbitration agreement is not enforceable. Because the district court concluded that Platt was not subject to a valid arbitration agreement, it did not reach Platt's alternative arguments that the arbitration agreement is unenforceable because the representative waiver clause violates the effective vindication doctrine and several provisions are unconscionable.

## STANDARD OF REVIEW

We review the validity and scope of an arbitration provision and the denial of a motion to compel arbitration de novo. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267 (9th Cir. 2006) (en banc); *Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1000 (9th Cir. 2023). We review the district court's factual findings for clear error. *See Holley-Gallegly*, 74 F.4th at 1000. When reviewing the motion to compel arbitration de novo, we assume all the facts in favor of the nonmoving party. *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021); *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 831–32 (9th Cir. 2022).

## ANALYSIS

**I.    An employer may not unilaterally amend an ERISA plan to add an arbitration provision unless the relevant party consents to arbitration.**

There must be a valid arbitration agreement to compel arbitration. *See Ahlstrom v. DHI Mortg. Co*., 21 F.4th 631,

634 (9th Cir. 2021). The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., requires that parties consent to arbitration to form a valid arbitration agreement. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010) ("[T]he FAA imposes certain rules of fundamental importance, including . . . that arbitration is a matter of consent, not coercion." (quotation omitted)). As an initial matter, Sodexo contends that consent is not required because employers are free to unilaterally amend the terms of an ERISA plan. We disagree.

Courts have recognized that an employer is "generally free . . . for any reason at any time, to adopt, modify, or terminate welfare benefits unless it contractually cedes its freedom" to do so, *Alday v. Raytheon Co.*, 693 F.3d 772, 782 (9th Cir. 2012) (cleaned up), because "ERISA does not create any substantive entitlement to employer-provided health benefits or any other kind of welfare benefits," *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995). But "[t]here is no provision of ERISA or its implementing regulations that specifically governs the administration of arbitration clauses." *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 726 (9th Cir. 2000).

Moreover, nothing in the language of ERISA displays a "clearly expressed congressional intention" to displace the FAA's requirement of consent for a valid arbitration agreement. *See Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 510 (2018) (explaining that the party who suggests that one statute "displaces the other, bears the heavy burden of showing a clearly expressed congressional intention that such a result should follow" (quotation omitted)). To the contrary, ERISA expressly states that it shall not be "construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States," subject to

exceptions not relevant here. 29 U.S.C. § 1144(d). Indeed, "this is a strong, comprehensive, express statement that ERISA is not to be read as displacing by implication any pre-existing federal legislation," including the FAA. *Air Line Pilots Ass'n, Int'l v. Nw. Airlines, Inc*., 627 F.2d 272, 276 (D.C. Cir. 1980). Because ERISA does not conflict with or displace the FAA's requirement of consent for a valid arbitration agreement, we hold that Sodexo may not unilaterally amend the Plan to include an arbitration provision without the relevant party's consent.

Because consent is required for a valid arbitration agreement, we must determine the relevant consenting party for each of Platt's claims. For each claim, the consenting party is either the plan participants—including Platt—or the Plan itself. To determine the consenting party, we consider whether the specific claim exists for the benefit of the plan participants or the Plan. *See Munro v. Univ. of S. Cal*., 896 F.3d 1088, 1092–94 (9th Cir. 2018); *see also id.* at 1092 (holding that a claim brought on behalf of a Plan cannot be arbitrated "[b]ecause the parties consented only to arbitrate claims brought on their own behalf"); *Bowles v. Reade*, 198 F.3d 752, 760 (9th Cir. 1999) (holding that ERISA claims brought on behalf of a Plan could not be settled without that Plan's consent).

## II.     The arbitration agreement is not enforceable as to Platt.

### A. Platt is the relevant consenting party for his ERISA § 502(a)(1)(B) and § 502(a)(3) claims.

In his § 502(a)(1)(B) claim, Platt alleges that the Plan document does not authorize or permit Sodexo to assess a nicotine surcharge on plan participants as a condition to

maintain medical coverage.[1] Hence, according to Platt, imposing the nicotine surcharge unlawfully creates an unenumerated basis for establishing contribution levels for plan participants that is not found in the Plan document. "As a result, Sodexo's assessment and collection of the nicotine surcharge violates the terms of the plan" and Sodexo is liable to Platt and other plan participants "for all losses resulting therefrom." In the First Amended Complaint ("FAC"), Platt also expressly brings this claim on behalf of himself and other plan participants. Because Platt alleges harms against plan participants including himself, seeks to recover losses incurred by plan participants, and seeks to enforce the rights of plan participants under Plan terms, Platt is the consenting party for the § 502(a)(1)(B) claim. *See* 29 U.S.C. § 1132(a)(1)(B).

Platt asserts two claims under ERISA § 502(a)(3), alleging that the nicotine surcharge program is impermissible because it did not provide for a reasonable alternative standard that would reimburse the participant for surcharge payments already made during a plan year. Thus, Platt contends that Sodexo's nicotine surcharge "has discriminated against, and continues to discriminate against, plan participants based on a health status-related factor i[n] assessing premiums or contributions." Platt also alleges that the Plan materials described the nicotine surcharge program

---

[1] Sodexo agrees that the plain text of the arbitration provision excludes a "claim for benefits under ERISA § 502(a)(1)(B)," but it argues that Platt's claim should not qualify under that exception because it is not truly a "claim for benefits" and it is thus subject to arbitration. Even assuming that Platt's § 502(a)(1)(B) claim is not excluded from the arbitration provision, the arbitration agreement is still unenforceable as to that claim because Platt is the relevant consenting party to arbitrate such a claim, and Platt did not consent to arbitration.

without providing adequate notice of a reasonable alternative standard by which the surcharge could be avoided. In the FAC, Platt explicitly brings the § 502(a)(3) claims on behalf of himself and other plan participants. Because Platt and other plan participants were allegedly forced to pay an illegal fee, and Platt seeks the return of those funds to plan participants, he is the consenting party for the § 502(a)(3) claims.

### B. Platt did not consent to arbitration.

The party moving to compel arbitration must prove "the existence of an agreement to arbitrate by a preponderance of the evidence." *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (quotation omitted). The parties do not dispute that we should look to California law on contract formation to analyze whether the parties formed an agreement to arbitrate.[2] Under California law, mutual consent "may be manifested by written or spoken words, or by conduct." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) (quotation omitted). Whether mutual assent exists is "determined under an objective standard applied to the outward manifestations or expressions of the parties," *DeLeon v. Verizon Wireless,*

---

[2] Although federal courts typically "apply ordinary state-law principles that govern the formation of contracts to decide whether an agreement to arbitrate exists," *Norcia*, 845 F.3d at 1283 (quotation omitted), the district court reasoned that because the agreement is within an ERISA plan, the appropriate source of law is federal common law, which looks to state law for guidance. The district court concluded that California law is relevant here. Sodexo's argument, raised for the first time in a footnote in its reply brief, that Maryland law rather than California law applies, is forfeited, and the parties have otherwise left unchallenged the district court's choice-of-law analysis. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

*LLC*, 143 Cal. Rptr. 3d 810, 820 (Ct. App. 2012) (quotation omitted), and "silence or inaction does not constitute acceptance of an offer," *Norcia*, 845 F.3d at 1284 (quotation omitted).

Sodexo argues that Platt consented to the arbitration agreement for his § 502(a)(1)(B) and § 502(a)(3) claims due to his continued participation in the Plan after Sodexo provided notice that the arbitration provision was added. Specifically, Sodexo claims that it sent an email to all plan participants in 2021, notifying participants of changes to the Plan document and linking a 25-page summary of material modifications ("SMM"). It also claims that it mailed Platt a copy of the 2021 SMM. But Platt does not recall receiving the SMM. And Sodexo was unable to produce the 2021 email it sent to Platt, even after the district court adjourned the hearing on the motion to compel arbitration for several hours to let Sodexo look for it. By contrast, it is undisputed that Platt received a short email from Sodexo in 2022 with a hyperlink to the "new [Summary Plan Description ("SPD")]," which was 170 pages long. The email noted that all "previously issued versions of the SPD are obsolete." Hidden within the 170 pages was the arbitration provision on page 153.

We disagree with Sodexo's argument that Platt consented to the arbitration agreement through his continued participation in the Plan. Viewing all facts and drawing reasonable inferences in favor of Platt, as we must, we assume that Platt never received the 2021 SMM. *See Hansen*, 1 F.4th at 670; *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 963 & n.9 (9th Cir. 2007). Assuming that Platt only received the 2022 email containing the new SPD, this email did not provide sufficient notice of the arbitration provision because the provision was buried on page 153 of

the 170-page SPD. It is unreasonable to expect that Platt would notice a new arbitration provision hidden in a lengthy document. *See Monster Energy Co. v. Schechter*, 444 P.3d 97, 102 (Cal. 2019) (noting that the existence of consent under California law is "determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe" (quotation omitted)). Further, the 2022 email contained no express language that Sodexo was adding the new arbitration provision or that his continued participation in the Plan constituted consent or agreement to the new provision. Indeed, Sodexo does not contest the district court's determination that the 2022 SPD email was insufficient to provide such notice; rather, Sodexo only argues that the district court erred in focusing on the "irrelevant" SPD email rather than the "relevant" SMM.

Even if Platt received the 2021 SMM in addition to the 2022 SPD email, he still did not receive sufficient notice to establish consent. "Mutual assent requires, at a minimum, that the party relying on the contractual provision establish that the other party had notice and gave some indication of assent to the contract." *Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1099 (9th Cir. 2023). Sodexo concedes that it never "prompt[ed] [Platt] to take any affirmative action to demonstrate assent," *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1179 (9th Cir. 2014), but instead argues that Platt's continued participation in the Plan manifested assent to the arbitration agreement. Similar to the 2022 email, however, the 2021 SMM failed to explicitly state that Platt's continued participation in the Plan would constitute consent to the arbitration agreement. Thus, Sodexo failed to demonstrate that Platt manifested assent or agreement to the arbitration provision. *See Norcia*, 845 F.3d at 1285–86

("Under California law, an offeree's inaction after receipt of an offer is generally insufficient to form a contract," even where "the offer states that silence will be taken as consent." (quotation omitted)); *cf. DeLeon*, 143 Cal. Rptr. 3d at 820 (holding that the employee had consented to agreement where the agreement identified that "continued performance" constituted consent, so the employee "understood that the terms in the compensation plans governed his employment"). Thus, the district court did not err in finding that Platt did not consent to the arbitration agreement.[3]

Without Platt's consent, the arbitration provision is unenforceable as to his § 502(a)(1)(B) and § 502(a)(3) claims. *See Ahlstrom*, 21 F.4th at 634; *Stolt-Nielsen*, 559 U.S. at 681. Because no agreement to arbitrate exists between Platt and Sodexo, we need not reach any further issues with respect to the § 502(a)(1)(B) and § 502(a)(3) claims. We affirm the district court's denial of Sodexo's motion to compel arbitration as to Platt's claims under ERISA § 502(a)(1)(B) and ERISA § 502(a)(3).

---

[3] Sodexo also argues that Platt consented to the arbitration agreement through a provision in the 2018 version of the SPD—predating the insertion of the arbitration agreement—that bound plan participants to any future amendments. But Sodexo forfeited this argument because it never argued in the district court that, due to this provision, plan participants consented to the later added 2021 arbitration provision. *See Tarpey v. United States*, 78 F.4th 1119, 1126 (9th Cir. 2023) (noting that "an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (quotation omitted)).

**III.  The    district    court    must    determine    the
       enforceability of the arbitration agreement between
       Sodexo and the Plan in the first instance.**

   **A. The Plan is the relevant consenting party for
        Platt's ERISA § 502(a)(2) breach of fiduciary
        duty claim.**

For his § 502(a)(2) claim, Platt alleges that Sodexo, the
Plan administrator, improperly collected nicotine surcharges
from plan participants to "forestall[]" its own obligations to
make contributions to the Plan and to "diminish[]" the
amount Sodexo had to contribute to the Plan. He argues that
"[a]s a result of the imposition of the nicotine surcharge,
Sodexo enriched itself at the expense of the [P]lan, thereby
resulting in [Sodexo] receiving a windfall" and breaching its
fiduciary duty under ERISA. Because Platt specifically
seeks redress for losses that the Plan incurred from Sodexo's
alleged fiduciary breaches and for profits that Sodexo
improperly obtained using Plan assets, the relevant
consenting party for this claim is the Plan.

Notably, claims under § 502(a)(2) are understood as
claims "brought in a representative capacity on behalf of the
plan as a whole." *Mass. Mut. Life. Ins. Co. v. Russell*, 473
U.S. 134, 142 & n.9 (1985). Indeed, we have previously held
that § 502(a)(2) claims belong to the Plan, rather than the
individual plan participant, because the plan participant is
not seeking relief for themselves but rather recovery "only
for [the] injury done to the plan." *Munro*, 896 F.3d at 1093.
In other words, the alleged fiduciary breaches by Sodexo
impair the value of Plan assets overall, so the Plan benefits
from a winning claim for breach of fiduciary duty, and the
claim "does not exist for the . . . plaintiff's primary benefit."
*Id*.

Here, Platt is seeking redress for grievances against the Plan. Thus, the Plan's consent alone, absent applicable defenses, is sufficient to form an agreement to arbitrate a § 502(a)(2) claim. *See Hawkins v. Cintas Corp.*, 32 F.4th 625, 631–35 (6th Cir. 2022) (concluding that the Plan's consent was necessary to subject a § 502(a)(2) claim to arbitration based on our reasoning in *Munro*).[4]

**B. The Plan consented to the arbitration agreement.**

The Plan document states that it "may be amended at any time" by Sodexo through its Senior Vice President and Chief Human Resources Officer. Because the terms of the Plan expressly cede broad authority to Sodexo to amend its terms, a reasonable person would believe that the Plan consented to the arbitration provision that was added by Sodexo. *See Monster Energy*, 444 P.3d at 102. Thus, absent an applicable defense, there is a valid agreement to arbitrate the § 502(a)(2) claim based on the Plan's consent. *See* 9 U.S.C. § 2 (noting that arbitration agreements are enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract").

---

[4] Platt relies on *Comer v. Micor, Inc.*, 436 F.3d 1098 (9th Cir. 2006), to argue that while Plan consent is necessary to arbitrate the § 502(a)(2) claim, it is not sufficient. But *Comer* is distinguishable because Platt is not a "nonsignatory" beneficiary to the document that the arbitration provision arises from—unlike in *Comer*, where the arbitration provision existed in a separate investment management agreement between the company and the plan, to which the ERISA claimant was not a party. *Id.* at 1099–1101. Platt concedes that he was a participant in the Plan, and that the challenged arbitration provision is located in the Plan document.

**C. The enforceability of the arbitration agreement as to the Plan turns on Platt's effective vindication and unconscionability defenses.**

Platt alternatively argues that even if the Plan consented to the arbitration provision, the provision is still unenforceable. Platt specifically challenges three clauses in the arbitration provision and argues that (1) the representative action waiver clause violates the effective vindication doctrine and is therefore unenforceable; (2) the clause that reduces the SOL for breach of fiduciary duty claims is unconscionable; and (3) the clause that bars the recovery of attorneys' fees is unconscionable.

**1. The representative action waiver clause in the arbitration provision violates the effective vindication doctrine.**

Under the effective vindication doctrine, an arbitration provision is unenforceable if it "operate[s] as a prospective waiver of a party's *right to pursue* statutory remedies," including a prohibition on "the assertion of certain statutory rights." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 235–36 (2013) (cleaned up). Platt argues that the arbitration provision violates the effective vindication doctrine by prohibiting him from bringing a § 502(a)(2) breach of fiduciary duty claim. We agree.

Section 502(a)(2) permits plan participants to bring actions for relief under § 409(a) of ERISA, which provides that fiduciaries "shall be personally liable to make good *to such plan* any losses *to the plan* resulting from each such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets *of the plan* by the fiduciary, and shall be subject to such other equitable or remedial relief." 29 U.S.C. § 1109(a) (emphasis

added). Section 502(a)(2) thus acts as the vehicle for plan participants to obtain the relief made available by § 409(a). And because § 409(a) provides relief "singularly to the plan" rather than an individual plaintiff, § 502(a)(2) claims are understood as claims "brought in a representative capacity on behalf of the plan as a whole." *Mass. Mut.*, 473 U.S. at 142 & n.9; *see also Hawkins*, 32 F.4th at 635.

Here, the Plan's arbitration provision contains a representative action waiver, which expressly precludes Platt from bringing claims in a representative capacity on the Plan's behalf. This precludes Platt from bringing a § 502(a)(2) claim and, in turn, prevents him from obtaining the plan-wide relief available under § 409(a). Because Platt is unable to pursue "a number of remedies that were specifically authorized by Congress" under §§ 502(a)(2) and 409(a), we hold that the Plan's representative action waiver violates the effective vindication doctrine and is unenforceable. *Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dirs.*, 59 F.4th 1090, 1107 (10th Cir. 2023).

Our holding is consistent with our sister circuits, which have similarly concluded that arbitration provisions preventing individuals from obtaining the plan-wide relief available under § 409(a) violate the effective vindication doctrine. *See id.* at 1106–07 (finding an arbitration provision unenforceable where the plaintiff was prohibited from obtaining plan-wide relief); *Parker v. Tenneco, Inc.*, 114 F.4th 786, 798 (6th Cir. 2024) (same), cert. denied, 145 S. Ct. 1060 (2025); *Cedeno v. Sasson*, 100 F.4th 386, 400–06 (2d Cir. 2024) (finding an arbitration provision that prohibited any remedies providing relief to someone other than the claimant unenforceable), cert. denied sub nom. *Argent Tr. Co. v. Cedeno*, 145 S. Ct. 447 (2024); *Smith v. Bd. of Dirs. of Triad Mfg., Inc.*, 13 F.4th 613, 615 (7th Cir.

2021) (same); *Henry ex rel. BSC Ventures Holdings, Inc. Emp. Stock Ownership Plan v. Wilmington Tr. NA*, 72 F.4th 499, 507–08 (3d Cir. 2023) (same).

### 2. ERISA does not preempt Platt's unconscionability defenses, which are rooted in federal common law.

Sodexo argues that Platt's unconscionability defenses are foreclosed because those defenses are based in California law and therefore preempted by ERISA. Sodexo points to ERISA's preemption clause, which states that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). We disagree with Sodexo and hold that the availability of the unconscionability defenses does not turn on state law.

Rather, Platt's unconscionability defenses are rooted in and arise from federal statutes and federal common law, not California law. The alleged unconscionable clauses are located within the arbitration provision, which is enforced under the FAA. The FAA permits "generally applicable contract defenses, such as fraud, duress, or unconscionability," to invalidate arbitration agreements. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotation omitted); *see also Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 650 (2022). Further, while "interpretation of an arbitration agreement is generally a matter of state law," *Stolt-Nielsen*, 559 U.S. at 681, the Plan is governed by ERISA, a federal statute. The Plan expressly requires compliance with ERISA and the primary purpose of the Plan is to address medical benefits, coverage, and eligibility for employees, all of which fall under ERISA.

Because "ERISA does not contain a body of contract law to govern the interpretation and enforcement of employee benefit plans," we must "fashion a body of federal common law to govern ERISA suits," "borrowing from state law where appropriate, and guided by the policies expressed in ERISA and other federal labor laws." *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1501–02 (9th Cir. 1985), *overruled on other grounds as recognized by Golden Gate Rest. Ass'n v. City & Cnty. of S.F.*, 546 F.3d 639 (9th Cir. 2008); *see also Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1439 (9th Cir. 1990) (per curiam) (holding that "the interpretation of ERISA insurance policies is governed by a uniform federal common law"). Accordingly, the source of law for Platt's unconscionability defenses is federal common law, and we reject Sodexo's contention that those defenses are foreclosed by ERISA's preemption of state law. Platt may therefore raise unconscionability defenses.

> **3. We do not decide whether the other clauses are unconscionable, or whether any of the challenged clauses may be severed from the arbitration agreement.**

The Plan also contains a severability clause, which states that "[i]f any of the provisions of the Plan shall be invalid or unenforceable for any reason, the remaining provisions shall nevertheless remain in full force and effect."[5] The arbitration provision may still be enforceable as to Platt's § 502(a)(2) claim if the representative action waiver can be severed from the rest of the provision. For the same reasons that federal common law governs Platt's unconscionability defenses, we

---

[5] Because the parties failed to adequately address how the severability clause affects the arbitration provision, we ordered supplemental briefing on the issue after oral argument. Dkt. 64.

likewise hold that the source of law for severability is federal common law, with the court "borrowing" from state law where appropriate. *See Scott*, 754 F.2d at 1501–02; *see also Hengle v. Treppa*, 19 F.4th 324, 344 (4th Cir. 2021) (applying federal common law to analyze a severability clause in an arbitration agreement).

We do not reach the merits of Platt's unconscionability arguments for the SOL and attorneys' fees clauses. We remand for the district court to consider, in the first instance, the unconscionability of those clauses and the severability, under federal common law, of both the representative action waiver and any clauses that the district court may find unconscionable.

## CONCLUSION

We conclude that no arbitration agreement exists between Platt and Sodexo for the ERISA § 502(a)(1)(B) and § 502(a)(3) claims because Platt did not consent to arbitration. But a valid arbitration agreement may exist between the Plan and Sodexo for the ERISA § 502(a)(2) claim because the Plan consented. Still, for the ERISA § 502(a)(2) claim, Platt may raise unconscionability defenses to arbitration under federal common law. We hold that the representative action waiver in the arbitration agreement violates the effective vindication doctrine, but we do not reach Platt's unconscionability arguments. And it is possible that the representative action waiver—and any other unconscionable clauses—are severable from the rest of the arbitration provision. We thus remand to allow the district court to consider, in the first instance, the unconscionability of the SOL and attorneys' fees clauses and the severability of the representative action waiver and any other invalid clause(s) under federal common law.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**