**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH HOLLEY-GALLEGLY, on behalf of himself and all others similarly situated, *Plaintiff-Appellee*, v. TA OPERATING, LLC, DBA Petro Shopping Center, DBA Travel Centers of America, a Delaware corporation, *Defendant-Appellant*. | No. 22-55950 D.C. No. 5:22-cv-00593-JGB-SHK OPINION |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted June 6, 2023
Pasadena, California

Filed July 21, 2023

Before: MILAN D. SMITH, JR., DAVID F.
HAMILTON,[*] and DANIEL P. COLLINS, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

---

[*] The Honorable David F. Hamilton, United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

## SUMMARY[**]

### Arbitration

The panel vacated the district court's order denying defendant TA Operating LLC's motion to compel arbitration of employment-related claims brought by Kenneth Holley-Gallegly and remanded for the district court to order the arbitrator to decide the issue of arbitrability.

TA moved to compel arbitration pursuant to an arbitration agreement (the Agreement) that Holley-Gallegly signed when TA hired him as a truck mechanic. The Agreement included a delegation clause delegating to the arbitrator questions regarding the interpretation and enforceability of the Agreement. The district court ruled that the parties had delegated issues of arbitrability to the arbitrator and the delegation was clear and unmistakable, but that the delegation clause was unconscionable and therefore unenforceable. The district court then itself addressed arbitrability and concluded that the Agreement as a whole was unconscionable and unenforceable.

The panel held that the district court erred in finding that the arbitration agreement's delegation clause was unenforceable because it was substantively unconscionable. The district court properly considered whether an "unrelated" jury waiver provision made the delegation clause unconscionable. Here, though, the jury waiver provision applied only if the Agreement were determined to be unenforceable. As such, it could not support the

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

conclusion that an agreement to arbitrate enforceability (i.e., the delegation clause) was unenforceable.

## COUNSEL

Robert M. Loeb (argued) and Sarah H. Sloan, Orrick Herrington & Sutcliffe LLP, Washington, D.C.; Max Carter-Oberstone, Orrick Herrington & Sutcliffe LLP, San Francisco, California; E. Joshua Rosenkranz, Orrick Herrington & Sutcliffe LLP, New York, New York; Mia Farber, Eric Gitig, and Semarnpreet Kaur, Jackson Lewis PC, Los Angeles, California; for Defendant-Appellant.

Kevin T. Barnes (argued) and Gregg Lander, Law Offices of Kevin T. Barnes, Greensboro, Georgia; Raphael A. Katri, Law Offices of Raphael A. Katri, Beverly Hills, California; for Plaintiff-Appellee.

## OPINION

M. SMITH, Circuit Judge:

Defendant-Appellant TA Operating LLC (TA) appeals the district court's denial of its motion to compel arbitration of employment-related claims brought by Plaintiff-Appellee Kenneth Holley-Gallegly. Because the district court erred in finding that the arbitration agreement's delegation clause was unenforceable, we vacate the district court's order and direct it to order the arbitrator to decide enforceability in the first instance.

## FACTS AND PRIOR PROCEEDINGS

TA owns and operates truck stops and convenience stores. Kenneth Holley-Gallegly worked for TA as a truck mechanic from November 2018 to September 2021.

When Holley-Gallegly was hired, he was required to sign as a condition of his employment a "Mutual Agreement to Resolve Disputes and Arbitrate Claims" (Agreement). The document is five pages long, single spaced, in 12-point font. As its name suggests, the Agreement requires employees to submit all employment-related claims to a grievance process, and if necessary, to arbitration.

On the fourth page of the Agreement, under a heading titled "Applicable Law and Construction/Waiver of Jury Trial," is a delegation clause. "A delegation clause is a clause within an arbitration provision that delegates to the arbitrator gateway questions of arbitrability, such as whether the agreement covers a particular controversy or whether the arbitration provision is enforceable at all." *Caremark LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029 (9th Cir. 2022) (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–

69 (2010)).  The delegation clause in the Agreement reads: "[a]ll challenges to the interpretation or enforceability of any provision of this Agreement shall be brought before the arbitrator, and the arbitrator shall rule on all questions regarding the interpretation and enforceability of this Agreement."  Holley-Gallegly signed the Agreement in November 2018, and again in March 2019.

In January 2022, Holley-Gallegly filed a class action lawsuit against TA in the Superior Court of California.  The complaint alleges violations of various employment and labor laws.[1]  After timely removing the action to federal court, TA moved to compel arbitration.  Among other things, TA argued that because of the Agreement's delegation clause the issue of whether the agreement was arbitrable in the first place "rest[ed] solely with the arbitrator."

The district court denied TA's motion.  The court found that "the parties delegated issues of arbitrability to the arbitrator and the delegation was clear and unmistakable," but the delegation clause was unconscionable.  The district court found the clause procedurally unconscionable because signing the Agreement was a condition of Holley-Gallegly's continued employment, and the Agreement was a contract of adhesion.  It found the clause substantively unconscionable

---

[1] Specifically, the complaint alleges: (1) failure to pay all overtime wages at the legal overtime pay rate; (2) failure to pay premium wages at the legal pay rate; (3) failure to provide legally-compliant rest periods; (4) derivative failure to timely furnish accurate itemized wage statements; (5) derivative violations of Cal. Labor Code §§ 201–202; (6) independent failure to timely furnish accurate itemized wage statements; (7) independent violations of Cal. Labor Code §§ 201–202; (8) violations of Cal. Labor Code § 212; (9) failure to fully reimburse work expenses; (10) penalties pursuant to Cal. Labor Code § 2699; and (11) unfair business practices.

because the Agreement required Holley-Gallegly to waive his right to a jury trial "if th[e] Agreement is determined to be unenforceable."

Having concluded that the court—rather than the arbitrator—was empowered to decide "the matter of arbitrability," the district court then considered whether the Agreement as a whole was enforceable. On the basis of the aforementioned jury waiver provision and various other provisions, the court concluded that the Agreement was "permeated with unconscionability," and thus unenforceable. TA timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 9 U.S.C. § 16. We review de novo a district court's decision to grant or deny a motion to compel arbitration. *See Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1152 (9th Cir. 2004). We review for clear error any factual findings underlying the district court's order. *See O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1093 (9th Cir. 2018).

## ANALYSIS

### I.  Waiver

As a threshold matter, we address Holley-Gallegly's contention that TA waived its argument that the delegation clause should be enforced. A review of the district court papers shows that TA did not waive this argument. TA sufficiently raised the argument in both its motion to compel and its reply and—contrary to Holley-Gallegly's assertions—did not simply do so in passing. In a standalone section of its motion to compel, TA argued that "[j]urisdiction to decide the enforceability of the agreement

rests solely with the arbitrator," and that "a court has the limited authority to determine only whether the parties entered into the disputed agreement in the first place" in the face of a delegation clause. Moreover, "when a party takes a position and the district court rules on it, there is no waiver." *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016). The district court explicitly ruled on the delegation clause issue in its order denying TA's motion to compel. Because TA raised the delegation clause issue "with sufficient specificity and vigor," and the district court decided it, the argument was not waived. *Id.* at 544.

## II.  Enforcement of the Delegation Clause

Turning to the merits, Holley-Gallegly argues that the delegation clause is unenforceable because it is unconscionable. To establish an unconscionability defense under California law,[2] "the party opposing arbitration must demonstrate procedural and substantive unconscionability." *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1000 (9th Cir. 2021). "Substantive unconscionability examines the fairness of a contract's terms." *Id*. at 1001.

In *Rent-A-Center, West, Inc. v. Jackson*, the Supreme Court addressed how courts should analyze

---

[2] The Agreement provides that "all disputes regarding the enforcement of this Agreement, any of the provisions of this Agreement or whether a party's claim is subject to this Agreement shall be determined in accordance with the law of the State of Delaware." TA, however, never asserted that Delaware law should govern the unconscionability analysis either before the district court or before this court. In fact, all of TA's enforceability arguments rely on California law. Accordingly, any contention by TA that Delaware law governs enforceability of the delegation clause has been waived. *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1004 (9th Cir. 2021).

unconscionability challenges to arbitration agreements containing delegation clauses. 561 U.S. 63 (2010). In that case, Antonio Jackson signed an agreement containing a delegation clause prior to bringing a discrimination suit against his former employer, Rent-A-Center. *Id.* at 65. Rent-A-Center moved to compel arbitration, and Jackson opposed that motion on the basis that the arbitration agreement in question was unconscionable. *Id.* at 66.

As a threshold issue, the Court considered whether to enforce the delegation clause and thus delegate the question of arbitrability to the arbitrator. The Court explained that delegation clauses are essentially severable mini-agreements within agreements to arbitrate. *Id.* at 70–73. As such, it refused to entertain arguments about the unconscionability of the arbitration agreement *as a whole*, because Jackson needed to "challenge[ ] the delegation provision *specifically*" for any court to decide arbitrability. *Id*. at 72 (emphasis added). The Court reached back into Jackson's opposition to Rent-A-Center's motion to compel filed in the district court, and noted that "[n]owhere . . . did he even mention the delegation provision." *Id*. Because Jackson did not "challenge[] the delegation provision specifically," before either the district court or the court of appeals, and did not provide additional briefing on the issue at the Supreme Court, the Court considered any challenges made concerning delegation forfeited. *Id.* at 75–76, 76 n.5; *see also Caremark, LLC*, 43 F.4th at 1034 (rejecting arguments regarding "the enforceability of the arbitration provision as a whole," where the Chickasaw Nation "d[id] not call into question the district court's authority to enforce the *delegation clause*," in particular) (emphasis in original); *Brennan v. Opus Bank*, 796 F.3d 1125, 1132 (9th Cir. 2015) (affirming district court's decision to dismiss claims in favor

of arbitration because plaintiff did not challenge delegation clause specifically).

In this case, the district court held that the delegation clause was substantively unconscionable because of the following sentence, which is placed a few lines after the delegation clause:

> **IF THIS AGREEMENT IS DETERMINED TO BE UNENFORCEABLE, ANY CLAIMS BETWEEN YOU AND THE COMPANY RELATED TO YOUR EMPLOYMENT SHALL BE SUBJECT TO A NON-JURY TRIAL IN THE FEDERAL OR STATE COURT THAT HAS JURISDICTION OVER THE MATTER.**

The district court explained that under California law this is a "prototypically unconscionable pre-dispute jury trial waiver." It stated although "an arbitration itself is a waiver of a jury trial . . . the provision [here] reaches beyond that, because it limits Plaintiff's rights to a jury trial even if the Agreement is unenforceable." It provided no other reason for finding the delegation clause substantively unconscionable.

TA argues that the district court erred because its conclusion "was not based on any feature of the delegation clause, but rather on an entirely unrelated" provision of the Agreement. Underlying this contention is the assumption that a party resisting arbitration is confined to the text of the delegation clause to argue that the clause is unconscionable. The Supreme Court never articulated such a rule in *Rent-A-Center*, however. Instead, the Court explained that if a party

cites provisions outside of the delegation clause in making an unconscionability challenge, it must explain how those provisions make *the fact of an arbitrator deciding arbitrability* unconscionable. *Id*. at 74.

For example, to argue that Rent-A-Center's delegation clause was unconscionable based on discovery procedures stipulated in the arbitration agreement, "Jackson would have had to argue that the limitation upon the number of depositions cause[d] *the arbitration of his claim that the Agreement is unenforceable* to be unconscionable." *Rent-A-Center*, 561 U.S. at 74 (emphasis added). Similarly, the Court noted that "the unfairness of the fee-splitting arrangement may be more difficult to establish for the *arbitration of enforceability* than for arbitration of more complex and fact-related aspects of the alleged employment discrimination." *Id*. at 74 (emphasis added). A party is therefore permitted under *Rent-A-Center* to challenge the enforceability of a delegation clause by explaining how "unrelated" provisions make the delegation unconscionable.

Nonetheless, the district court erred in its unconscionability analysis, for a different reason. The Agreement's jury waiver provision applies only "*if th[e] agreement is determined to be unenforceable*." As such, it cannot support the conclusion that an agreement to arbitrate enforceability (i.e., the delegation clause) is unenforceable.

To illustrate this point, imagine that the delegation clause is valid, and Holley-Gallegy argues before the arbitrator that the Agreement is unenforceable. If the arbitrator agrees with Holley-Gallegly, then Holley-Gallegly would be free to pursue his claims in either federal or state court. And, if TA were to try to enforce the jury waiver provision in that forum, Holley-Gallegly would have an opportunity to argue why the

provision should not be enforced.  On the other hand, if the arbitrator disagrees with Holley-Gallegly and concludes that the Agreement is enforceable, the jury waiver provision becomes irrelevant, because Holley-Gallegly would have to pursue his claims in arbitration, and by doing so waives a jury trial anyway.

Neither of the above outcomes has any bearing on whether *the delegation of arbitrability to the arbitrator* would be unconscionable, because the jury waiver would only have an effect—if any—*after* it has been determined that the Agreement is unenforceable.  Accordingly, the district court erred in concluding that the provision made the delegation clause substantively unconscionable.  *Cf., Caremark*, 43 F.4th at 1034 n.13 (rejecting challenges to discovery limitations and available damages "to the extent this argument specifically challenges the enforceability of the delegation clause" because "[m]ost of the challenged arbitration procedures do not implicate at all the Nation's ability to arbitrate the delegated gateway issues.").[3]

---

[3] For the first time on appeal, Holley-Gallegly also argues that the delegation clause is substantively unconscionable because (1) the Agreement states that the issue of enforceability must be decided under Delaware law, and (2) the provision requiring each party to bear its own attorneys' fees in arbitration is unconscionable.  He has forfeited both arguments.

First, before the district court, Holley-Gallegly only mentioned "Delaware law" in the context of arguing that California law should govern the issue of enforceability of the Agreement as a whole—not in the context of arguing that the *delegation clause* was unconscionable. *Cf. Lim*, 8 F.4th at 1004 ("TForce waived this argument by not raising it in connection with its motion to compel arbitration in the district court.").

Second, Holley-Gallegly likewise argued before the district court that the Agreement's attorneys' fees provision made the *entire agreement*, rather

## CONCLUSION

For the foregoing reasons, the district court's order denying TA's motion to compel is **VACATED.** We "direct the district court to order the arbitrator to decide" the arbitrability issue. *Winery, Distillery & Allied Workers Union*, *Loc. 186 v. E & J Gallo Winery, Inc.,* 857 F.2d at 1358 (9th Cir. 1988).


VACATED and REMANDED.

---

than the delegation clause *specifically,* unconscionable. Holley-Gallegly therefore forfeited this argument. *See Rent-A-Center,* 561 U.S. at 76.