**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PASSION GABOUREL, individually and on behalf of all others similarly situated, | No.   23-55185 |
| Plaintiff-Appellee, | D.C. No.<br>2:22-cv-00471-FWS-MAA |
| v. | |
| LUXOTTICA OF AMERICA, INC., an Ohio corporation, DBA Lenscrafters, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| LUXOTTICA RETAIL NORTH AMERICA, INC., a business entity of unknown form, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted January 11, 2024
Pasadena, California

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BOGGS,[**] RAWLINSON, and H.A. THOMAS, Circuit Judges.

Luxottica of America, Inc., d/b/a LensCrafters (Luxottica) appeals the district court's denial of Luxottica's motion to compel its employee, Passion Gabourel (Gabourel), to arbitrate this employment action.  The district court found that the 2015 dispute resolution agreement Gabourel signed (the 2015 DRA) was superseded by the 2018 dispute resolution agreement (the 2018 DRA).  Luxottica contends that the 2015 DRA remains in effect because Gabourel never assented to the 2018 DRA, but instead opted out of it.  We have jurisdiction under 9 U.S.C. § 16.  Reviewing de novo, *see Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1008 (9th Cir. 2023), we affirm.

**1.**      As a preliminary matter, we conclude that, even if not waived, Luxottica's argument that this issue should be delegated to the arbitrator lacks merit.  *See Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1001 (9th Cir. 2023) (explaining that arguments not raised before the district court "with sufficient specificity and vigor" are generally considered waived on appeal).  Both the 2015 DRA and the 2018 DRA expressly state that "[a]ny disputes about the enforceability of the Dispute Resolution Agreement shall be decided by a court."

---

[**]      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

**2.** We agree with the district court's determination that the 2018 DRA was a valid and enforceable agreement between Gabourel and Luxottica. Under California law,[1] mutual assent to a contract "is to be ascertained solely from the contract that is reduced to writing, if possible." *Martinez v. BaronHR, Inc.*, 51 Cal.App.5th 962, 967 (2020) (citations omitted). Under its written terms, the 2018 DRA "[wa]s effective upon [Gabourel's] receipt of it." Gabourel electronically "acknowledge[d] that she ha[d] been given the opportunity to review the [2018 DRA]." And in signing the accompanying Acknowledgment and Agreement, Gabourel represented that she "received, . . . read, . . . underst[ood][,] and agree[d] to the terms of " the 2018 DRA.

Gabourel's subsequent opt-out selection did not constitute a rejection of the 2018 DRA. Gabourel's opt-out selection from the drop-down menu indicated that she "agree[d] that [she was] not entitled or required to participate in or utilize the arbitration procedures described in 'Dispute Resolution Agreement Step #2: Arbitration' in the [2018 DRA]." Interpreting the agreement as a whole, we conclude that the opt-out language reflects that Gabourel accepted the 2018 DRA, and that her opt-out was limited to the provisions requiring her to participate in the

---

[1] "State contract law controls whether the parties have agreed to arbitrate." *Knutson v. SiriusXM Radio Inc.*, 771 F.3d 558, 565 (9th Cir. 2014).

3

arbitration proceedings described in "Step #2." *See Segal v. Silberstein* 156 Cal.App.4th 627, 633 (2007). Additionally, the 2018 DRA provides that it "replaces prior agreements regarding the arbitration of disputes." Thus, the 2015 DRA was superseded by the valid and enforceable 2018 DRA.[2]

**AFFIRMED.**

---

[2] We are not persuaded by Luxottica's reliance on *Sonico v. Charter Communications, LLC*, No. 19-cv-01842-BAS-LL, 2021 WL 268637 (S.D. Cal. Jan. 27, 2021). Not only is *Sonico* a non-binding district court decision, it is factually distinguishable. *See id.* at *6–7 (finding that an employee's opting out of an arbitration agreement was a rejection of that agreement because the employee never accepted the agreement before opting out). We also note that the 2018 DRA did not clearly and expressly inform the employee that opting out of the 2018 DRA would result in reversion to and enforcement of the 2015 DRA. *Cf. id.* at *3 (noting that the employee's contract expressly stated that opting out of the arbitration agreement would leave the prior agreements in effect).