NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRYSTAL CARPENTER, an individual on behalf of herself, the public, and all persons similarly situated; JORDAN CASON, an individual on behalf of herself, the public, and all persons similarly situated, | No. 23-55553 |
| | D.C. No. 2:21-cv-09875-FLA-E |
| Plaintiffs-Appellees, | MEMORANDUM* |
| v. | |
| OPPORTUNITY FINANCIAL, LLC, a limited liability company, | |
| Defendant-Appellant, | |
| and | |
| JOHN DOES, 1-10, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted February 13, 2024
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  CALLAHAN and IKUTA, Circuit Judges, and LASNIK,[**] District Judge.

Crystal Carpenter and Jordan Cason (collectively, "Carpenter") entered into loan agreements with FinWise Bank that are serviced by Opportunity Financial LLC ("OppFi").  The loan agreements provide for an annual interest rate of 159.56% and include an arbitration clause stating that "governs all 'Claims' of one party against another" but "DOES NOT include claims related to the validity, enforceability, coverage or scope of this Clause.  Those claims shall be determined by a court."  The loan agreement also includes a choice of law provision stating that the loan "is governed by federal law and the laws of the State of Utah, except that the Arbitration Clause is governed by the Federal Arbitration Act."  The arbitration clause, in turn, provides that the arbitrator "must apply substantive law consistent with the FAA."

Carpenter filed a putative class action lawsuit alleging that OppFi issued usurious loans in violation of California and federal law, and OppFi moved to compel arbitration.  The district court denied OppFi's motion, finding the arbitration clause unconscionable under California law, which requires a showing of both procedural and substantive unconscionability.  *OTO, L.L.C. v. Kho*, 447 P.3d 680, 689–90 (Cal. 2019).  We have jurisdiction under 9 U.S.C. § 16, and we

___

[**]    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

review de novo a district court's decision to deny a motion to compel arbitration. *Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1000 (9th Cir. 2023). We vacate the denial of OppFi's motion and direct the district court to refer this matter to arbitration.

1.      The district court held that the arbitration clause is substantively unconscionable because it requires that the arbitrator apply Utah law to the loan agreement pursuant to the agreement's choice of law provision. According to the district court, doing so would allegedly "eliminate the substantive basis for [Carpenter's] claims." The district court erred in making this determination because application of the loan agreement's choice of law provision "must be decided in the first instance by the arbitrator." *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 540–41 (1995) (holding that district courts may not speculate what substantive law an arbitrator "might apply").

Carpenter argues that *Vimar Seguros* is inapt because our decision in *Bridge Fund* shows that district courts may conduct a choice of law analysis to invalidate an arbitration clause. *See Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 998 (9th Cir. 2010). In *Bridge Fund*, however, the court did not speculate which law the arbitrator "might apply" to the entire underlying contract. *See Vimar Seguros*, 515 U.S. at 541. Instead, the court cabined its analysis to determine which state law applied to "the question of unconscionability" of the

3

arbitration clause, and then proceeded to find unconscionable two provisions within the arbitration clause. *Bridge Fund*, 622 F.3d at 1002–05. The district court's analysis here was not similarly cabined.

Carpenter also argues that the arbitration clause is substantively unconscionable because the arbitrator "must enforce" the loan agreement's choice of law provision even if doing so would render the loan illegal under California law. However, this "claim is premature" because "[a]t this interlocutory stage it is not established what law the arbitrators will apply," *Vimar Seguros*, 515 U.S. at 540. And even if California law applies, arbitrators are not required to enforce invalid contracts. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 448 (2006). Moreover, the district court here may retain jurisdiction, so it "will have the opportunity at the award-enforcement stage to ensure that the legitimate interest in the enforcement of the . . . laws has been addressed." *Vimar Seguros*, 515 U.S. at 540 (alteration in original) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 638 (1985)); *see also HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1240 (9th Cir. 2022) ("Vacatur under § 10(a)(4) is warranted when an arbitration award exhibits a manifest disregard of law or is completely irrational.").[1]

_____

[1]    While not binding on us, we note that three other courts have reached the same conclusion regarding the arbitration clause at issue here. *See Katherine Fama et al. v. Opportunity Financial, LLC*, No. 3:23-cv-05477, Dkt. 23 at 11–13,

4

2.     Carpenter's remaining challenges also fail.  California law allows contracting parties to bar nonmutual offensive collateral estoppel, *cf. Vandenburg v. Superior Court*, 982 P.2d 229, 242–43 (Cal. 1999) (holding that "a private arbitration award cannot have nonmutual collateral estoppel effect unless the parties so agree"), and the arbitration clause does not waive Carpenter's "right to seek *in any forum* public injunctive relief." *McGill v. Citibank, N.A.*, 393 P.3d 85, 95 (Cal. 2015) (emphasis in original).

3.     Because Carpenter has not shown that the arbitration clause is substantively unconscionable, her challenge to the arbitration clause fails.  *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016).  We **VACATE** the district court's denial of OppFi's motion and **REMAND** for the district court to compel arbitration.

---

18 (W.D. Wash. Oct. 10, 2023); *Sherie Johnson et al. v. Opportunity Financial, LLC*, No. 3:22-cv-00190, 2023 WL 2636712 at *5–6 (E.D. Va. Mar. 24, 2023); *Kristen Michael et al. v. Opportunity Financial, LLC*, No. 1:22-cv-00529, 2022 WL 14049645 at *5 (W.D. Tex. Oct. 24, 2022).