NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



SALVADOR FLORES LARIOS; BORYS ARROLIGA,

Plaintiffs - Appellees,

v.

TOWNSHIP BUILDING SERVICES, INC.; TOWNSHIP RETAIL SERVICES, INC.,

Defendants - Appellants.

No. 25-1936

D.C. No.
3:24-cv-05838-TLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Argued and Submitted October 23, 2025
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Township Building Services, Inc. and its subsidiary Township Retail

Services, Inc. (together, "Township") appeal the district court's order denying its

motion to compel arbitration in a wage and hour class and collective action brought

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

by former employees.  Township challenges only the district court's determination that the arbitration agreement in the plaintiffs' employment contract was substantively unconscionable.

We have jurisdiction to review the denial of a motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a).  We review de novo a district court's decision to deny a motion to compel.  *Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1000 (9th Cir. 2023).  We review any factual findings underlying the district court's order for clear error. *Id*.  We conclude that the FAA governs this arbitration agreement and that, applying the FAA, the agreement was not substantively unconscionable.  We reverse and remand.

**1.**  The district court properly determined that the FAA applies to the arbitration agreement at issue.  The FAA generally applies to any "contract evidencing a transaction involving commerce." 9 U.S.C. § 2; *see Brennan v. Opus Bank*, 796 F.3d 1125, 1129 (9th Cir. 2015).  Although contracting parties may agree to apply nonfederal arbitrability law, we require "clear and unmistakable evidence" that the parties agreed that nonfederal law should govern instead of the FAA.  *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 919, 921 (9th Cir. 2011); *see Brennan*, 796 F.3d at 1129.  We address these issues below.

Plaintiffs contend that Township failed to present competent evidence that the contract involved commerce under 9 U.S.C. § 2 and therefore falls within the

coverage of the FAA. The plaintiffs forfeited this argument by failing to raise it before the district court. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("[A]rguments raised for the first time on appeal or omitted from the opening brief are" usually "deemed forfeited.").

Setting forfeiture issues aside, the evidence before the district court nonetheless adequately established the arbitration agreement's involvement with interstate commerce. The FAA applies to any "contract evidencing a transaction involving commerce" that contains an arbitration provision. 9 U.S.C. § 2. Township presented uncontroverted evidence that it provides commercial janitorial services to "commercial, industrial[,] and retail businesses" in multiple states. Township regularly hires janitors from multiple states, including the named plaintiffs, who are from different states and provided services in different states. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 282 (1995) (noting the "multistate nature" of the business at issue as evidence that the transaction involved interstate commerce). This is sufficient to establish that the plaintiffs' employment at Township "affected commerce." As a result, their arbitration agreements "involv[e] commerce" within the broad meaning of 9 U.S.C. § 2 and are covered by the FAA.

To establish that the FAA does not apply here, the parties must have "clear and unmistakable evidence that [they] agreed to apply nonfederal arbitrability

law." *Cape Flattery*, 647 F.3d at 921. Plaintiffs argue that the arbitration agreement's choice of law provision is evidence of the parties' intent not to be governed by the FAA. The relevant provision states that the arbitration agreement "shall be governed by and shall be interpreted in accordance with the laws of the State of California." But this Court has made clear that "general choice-of-law clauses do not incorporate state rules that govern the allocation of authority between courts and arbitrators." *Wolsey, Ltd v. Foodmaker, Inc.*, 144 F.3d 1205, 1213 (9th Cir. 1998). In *Cape Flattery*, even where the arbitration agreement at issue stated that "[a]ny dispute arising under this Agreement shall be settled by arbitration in London, England, in accordance with the English Arbitration Act," we still found that it still did not constitute "clear and unmistakable" evidence that the parties intended to apply non-federal arbitrability law. 647 F.3d at 916, 921. Arbitrability is similarly at issue here—the plaintiffs argue that their claims are not arbitrable because the arbitration agreement is unconscionable under California law—and the choice of law clause is far less specific than that at issue in *Cape Flattery*. The FAA therefore governs all arbitration issues arising from the parties' arbitration agreement, including arbitrability.

**2.** Applying the FAA, the district court erred in holding that the arbitration agreement was substantively unconscionable under California law.

First, the district court erred in concluding that the arbitration agreement was substantively unconscionable because it contained a class action waiver. The FAA preempts state court decisions prohibiting class action waivers as unconscionable. *See Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 364 (2014).

In *AT&T Mobility LLC v. Concepcion*, the Supreme Court held that California's *Discover Bank* rule,[1] which held certain class action waivers in consumer contracts unconscionable and unenforceable under California law, was preempted by the FAA because "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." 563 U.S. 333, 344 (2011); *see Gentry v. Superior Court*, 42 Cal. 4th 443 (2007). In light of *Concepcion* and *Iskanian*, the district court clearly erred in holding the class action waiver in this arbitration agreement is unconscionable, given that rules to that effect are preempted by the FAA.

The district court also erred in concluding that the arbitration agreement is substantively unconscionable because it is overbroad. On the contrary, the arbitration agreement is expressly limited to claims arising out of the employment relationship.

---

[1] *See Discover Bank v. Superior Court*, 113 P.3d 1100 (Cal. 2005).

25-1936

In support of this argument, plaintiffs rely on decisions from other circuits and district courts within our circuit finding arbitration agreements overbroad if they purport to encompass claims unrelated to subject matter of the contract containing the arbitration agreement. *See Thomas v. Cricket Wireless, LLC*, 506 F. Supp. 3d 891, 904 (N.D. Cal. 2020); *In re Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1263 (S.D. Cal. 2012); *Smith v. Steinkamp*, 318 F.3d 775, 777 (7th Cir. 2003); *see also Davitashvili v. Grubhub Inc.*, 131 F.4th 109, 124, 124 n.6 (2d Cir. 2025) (Perez, J., concurring).

In analogizing to these cases, however, the plaintiffs and the district court mischaracterized the parties' arbitration agreement. The arbitration clause on the Signature Page is expressly limited to "claims, disputes, and or grievances which [plaintiffs] may have in regard to, or related to [their] employment with Township Building Services." The full arbitration agreement does provide that "[t]his agreement to submit and settle any potential claims or legal issues to binding arbitration extends to all claims which the employee or employer may have." That sentence, however, follows a lengthy passage which begins by requiring any dispute that cannot be settled directly by the parties "that involves the employee-employer relationship or the termination of the employee-employer relationship" to be submitted to binding arbitration. The remainder of the passage enumerates claims subject to mandatory arbitration, all of which are expressly related to the

employment relationship. In light of this context, the concluding reference to "all claims" is best read, as Township argues, to clarify that binding arbitration is bilateral—it applies equally to claims by the employer. The plaintiffs' argument that "the agreement applies to all possible claims"—and the district court's conclusion to that effect—is not supported by the text of the agreement.

The plaintiffs also argue that the arbitration agreement was substantively unconscionable because it waived their right to seek public injunctive relief, meaning "injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 951 (2017). The plaintiffs did not raise this argument before the district court and therefore forfeited it. *See Orr*, 884 F.3d at 932.

Finally, the plaintiffs argue that the arbitration agreement is unconscionable because it "improperly restricts" their right to recover damages through administrative proceedings, including those available under the Fair Labor Standards Act and California labor laws. We disagree. The agreement does not, by its plain language, waive the plaintiffs' right to seek administrative relief. Rather, it provides that "[t]he employee, in consideration of employment with Township Building Services, waives all other rights or remedies which may be available to said employee had the employee not agreed to Binding Arbitration *except for those rights afforded either party by State or Federal rulings, processes*

*or laws, which allow and/or require governmental administrative hearings*." The arbitration agreement also provides that "Township and its employees hereby agree that they do *not* waive all other rights, remedies[,] and advantages that may be available to them had they not agreed to binding arbitration." Because the arbitration agreement does not in fact waive administrative relief, this argument fails.

Because the plaintiffs cannot demonstrate that the contract was substantively unconscionable, the district court erred in denying Township's motion to compel arbitration.

**REVERSED and REMANDED.**