NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT LACOUR, an individual,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MARSHALLS OF CA, LLC, a Virginia limited liability corporation; MARSHALLS OF MA, INC., a Massachusetts corporation; and THE TJX COMPANIES, INC., a Delaware corporation;<br><br>Defendants-Appellees. | Nos. 25-1156<br>25-1158<br><br>D.C. Nos.<br>3:20-cv-07641-WHO<br>3:21-cv-00722-WHO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted December 2, 2025
San Francisco, California

Before: RAWLINSON, MILLER, and SANCHEZ, Circuit Judges.

Robert LaCour (LaCour) appeals the district court's order granting the

motion filed by Marshalls of CA, LLC, Marshalls of MA, Inc., and The TJX

Companies, Inc. (collectively, Marshalls) to compel arbitration and stay the action.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, we vacate the district court's order and remand for further proceedings. *See Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1000 (9th Cir. 2023) ("We review de novo a district court's decision to grant or deny a motion to compel arbitration. . . .") (citation omitted).

Resolution of this appeal turns on whether the federal mailbox rule or the California mailbox rule applies. The federal mailbox rule establishes a presumption of receipt of a mailing that cannot be rebutted with a mere statement of denial. *See Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961, 964 n.8 (9th Cir. 2001). In contrast, under California law, "if the adverse party denies receipt, the presumption is gone." *Craig v. Brown & Root, Inc.*, 84 Cal.App.4th 416, 422 (2000). The district court "must then weigh the denial of receipt against the inference of receipt arising from proof of mailing and decide whether or not the letter was received." *Id*. (citation and emphasis omitted).

"In determining whether the parties have agreed to arbitrate a particular dispute, federal courts apply state-law principles of contract formation. . . ." *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 476 (9th Cir. 2024) (citation omitted). Thus, California law governs the contract formation issues in this case.

In finding that the presumption of receipt was not rebutted, the district court cited testimony of TJX's Vice President "who oversaw the mailing rollout,"

2

provided evidence of the paid postage, and corroborated LaCour's home address; and the declaration of the sales manager of the third-party company that handled the mailing. However, the district court did not explicitly make a finding that LaCour received the letter. More specifically, the district court did not "weigh the denial of receipt against the inference of receipt arising from proof of mailing and decide whether or not the letter was received" as contemplated under California law. *Craig*, 84 Cal.App.4th at 422 (citation and emphasis omitted). Instead, the district court explained that LaCour's "barebones" denial of receipt was "insufficient to overcome the presumption that LaCour had received the Agreement by mail." This approach applied the federal mailbox rule rather than the California mailbox rule. *See Patrick*, 93 F.4th at 476 (noting that federal courts must apply state law principles of contract formation in determining whether the parties have agreed to arbitrate). Thus, because it relied on the presumption to find that LaCour assented to the arbitration agreement, the district court erred in granting Marshalls' motion to compel arbitration and granting the petition to confirm the arbitration award. We therefore remand for the district court to apply the California mailbox rule by weighing LaCour's denial of receipt against "the inference of receipt" from the evidence presented by Marshalls "and decide whether or not the letter was received." *Craig*, 84 Cal.App.4th at 422.

The district court did not make a finding that evidence other than the mailing

3

demonstrated LaCour's awareness of and assent to the arbitration agreement. We do not consider those issues, but leave them for the district court on remand.

**VACATED and REMANDED.**