NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID DAVIDOW; SHERYL DE MERS, domestic partners,

 Plaintiffs - Appellees,

 v.

TRAVIS BRANDT,

 Defendant - Appellant,

and

JANE DOE BRANDT, ZALNATRAV INC, RAVENARK,

 Defendants.

No. 24-1230

D.C. No. 2:22-cv-01594-RAJ

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted January 30, 2026**

Before: BENNETT, BADE, and SUNG, Circuit Judges.

---

 \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendant-Appellant Travis Brandt, appearing pro se, appeals several district court orders in this dispute arising from a contract to manufacture and sell a boat to Plaintiffs-Appellees David Davidow and Sheryl De Mers. We affirm.

1. The district court did not abuse its discretion in granting Plaintiffs' motion for a preliminary injunction enjoining Brandt from selling the boat to a third party.[1] *See BNSF Ry. Co. v. County of Alameda*, 7 F.4th 874, 878–79 (9th Cir. 2021) ("We review for abuse of discretion a district court's decision regarding preliminary injunctive relief. We review findings of fact for clear error . . . ." (citation omitted)). On appeal, Brandt raises four arguments to support his claim that the district court erred in issuing injunctive relief: (1) the district court's finding of a threat of irreparable harm to Plaintiffs was improper because the boat was a prototype; (2) Plaintiffs instructed him to sell the boat; (3) as the manufacturer, he was the boat's legal owner under the contract; and (4) he had only attempted to sell a different boat—not Plaintiffs' boat—to a third party. Whether the boat was a prototype is irrelevant to Plaintiffs' threatened injury. The district court did not clearly err in concluding that Plaintiffs would be harmed by

[1] Brandt also argues that the district court erred in granting Plaintiffs' motion for a temporary restraining order (TRO), which enjoined Brandt from selling the boat to a third party until the district court issued the preliminary injunction. "Because our analysis is substantially identical for the injunction and the TRO, we do not address the TRO separately." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

the sale of the boat, that Plaintiffs did not instruct Brandt to sell it, and that Brandt had entered a contract to sell Plaintiffs' boat. *See id.* at 879.

2. The district court did not abuse its discretion in denying Brandt's motion to compel discovery of Plaintiffs' financial records. *See Mabe v. San Bernardino County*, 237 F.3d 1101, 1112 (9th Cir. 2001) ("We review discovery rulings for abuse of discretion."). We will not disturb a decision to deny discovery without a showing that it will result in "actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Brandt fails to demonstrate how the district court's ruling resulted in actual and substantial prejudice.

3. The district court did not abuse its discretion by not holding a *Daubert* hearing on Brandt's challenge to Plaintiffs' forensic experts. *See United States v. Calderon-Segura*, 512 F.3d 1104, 1109 (9th Cir. 2008) ("We review the district court's decision to admit expert testimony for an abuse of discretion" including "its decisions regarding the type of proceedings required to conduct the gatekeeping inquiry."); *see also United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007) (While "[d]istrict courts have a general 'gatekeeping' duty . . . [t]his obligation does not . . . require the court to hold a separate *Daubert* hearing." (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993))). In the district court, Brandt raised his request for a *Daubert* hearing only in his motions in

limine, in which he requested that the district court "[p]revent Plaintiff from showing to the Jury any part of the CPA reports and so-called CPA Expert Testimony[]." The district court appears not to have ruled on these motions in limine, including the request for a *Daubert* hearing, likely because they were mooted by the court's subsequent order granting summary judgment. In any case, the district court would not have abused its discretion by denying the request because, while Brandt challenged the experts' conclusions as "frivolous" and "lies," he did not impugn their methodology. *See Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995) ("[T]he test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology.").

4.      Applying de novo review, *Rice v. Morehouse*, 989 F.3d 1112, 1120 (9th Cir. 2021), we conclude that the district court properly granted partial summary judgment in favor of Plaintiffs and denied Brandt's cross-motion for summary judgment.

      a.      The district court did not err when it disregarded Zalnatrav, Inc.'s corporate entity and held Brandt personally liable for Zalnatrav's debt and actions. The doctrine of "corporate disregard" has "two essential factors. First, the corporate form must be intentionally used to violate or evade a duty; second, disregard must be 'necessary and required to prevent unjustified loss to the injured

party.'" *Meisel v. M & N Modern Hydraulic Press Co.*, 645 P.2d 689, 692 (Wash. 1982) (en banc) (citation omitted); *see also In re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010) ("In determining whether alter ego liability applies, we apply the law of the forum state."). Through deposition testimony, Brandt—the president and sole owner of Zalnatrav—admitted that he comingled and spent Plaintiffs' money on matters unrelated to the manufacture of the boat and that the boat remains incomplete. As the district court properly concluded, "[d]isregarding the corporate form is especially appropriate here given Brandt's dissolution of Zalnatrav during the pendency of this matter in an apparent attempt to evade Plaintiffs' claims." And the record demonstrates that Brandt's actions, through Zalnatrav, have caused Plaintiffs unjustified loss that the court can only remedy by holding Brandt personally liable. Therefore, the district court did not err in disregarding Zalnatrav's corporate form.

b.      The district court properly granted Plaintiffs' motion for summary judgment on their breach of contract claim. *See Myers v. State*, 218 P.3d 241, 243 (Wash. Ct. App. 2009) (elements of breach of contract claim are "(1) a contract that imposed a duty, (2) breach of that duty, and (3) an economic loss as a result of the breach"). The parties' contract required Plaintiffs to make several installment payments to Brandt in exchange for the manufacture and delivery of the boat. And while Plaintiffs paid the full purchase price of the boat, Brandt never

delivered it to Plaintiffs. Thus, Plaintiffs have experienced an economic loss of the full purchase price of the boat because of Brandt's breach. Despite this, Brandt argues that the contract allowed him additional time to complete and deliver the boat "because COVID was interrupting every conceivable plan" to build it. But even assuming the contract could be read to postpone Brandt's contractual deadlines in light of difficulties COVID-19 caused, he does not cite any evidence showing how the pandemic affected his ability to build the boat. Citing to paragraphs 5, 9, and 16 of the contract, Brandt also contends that he had the "sole discretion" to terminate the contract for the "sole benefit of the business." But none of these paragraphs create a right to terminate the contract after receipt of full payment. And Brandt's remaining argument that the boat was intended to be a "prototype" is not supported by the record and has no bearing on his contractual obligations. The district court did not err in concluding that Plaintiffs established the elements of their breach of contract claim.

      c.    The district court did not err in granting Plaintiffs' motion for summary judgment on their fraud claim. *See Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996) (en banc) (listing the nine required elements of fraud claim). Despite lacking the necessary expertise, Brandt represented to Plaintiffs that he would build them "the best boat that Nevada had ever seen." But instead of fulfilling his contract obligations, Brandt used Plaintiffs' money to obtain his pilot's license and

to pay for other personal and business expenses. He also continued to represent to Plaintiffs that the boat would be completed, including telling them he was "plugging away at this beautiful boat 24/7." But Brandt knew these representations were false; indeed, he later admitted in his deposition that he did not have the funds to complete the boat. The record also shows that Brandt never completed the boat or delivered it to Plaintiffs. The district court therefore properly concluded that "Plaintiffs relied on Brandt's untrue statements as to his progress in manufacturing the [v]essel to their detriment," and were thus defrauded.

d.      The district court did not err in granting Plaintiffs summary judgment on their conversion claim. *See In re Marriage of Langham & Kolde*, 106 P.3d 212, 218 (Wash. 2005) (en banc) ("Conversion is the unjustified, willful interference with a chattel which deprives a person entitled to the property of possession." (citation omitted)). The contract required Brandt to manufacture and deliver the boat to Plaintiffs. Brandt acknowledged that Plaintiffs paid for the boat "in full," and Brandt sent Plaintiffs a document "releasing the vessel to [them] under contract terms." But Brandt still maintains possession of the boat and refused to deliver it to Plaintiffs. Brandt has therefore unjustifiably interfered with property to which Plaintiffs are legally entitled.

e.      The district court properly granted Plaintiffs' motion for

summary judgment on their Washington Consumer Protection Act (CPA) claim. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) (en banc) ("[T]o prevail in a private CPA action . . . a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation."). Considering the record, we agree with the district court that Brandt's actions were deceptive and involved the sale of assets or services in the state of Washington. *See Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 895 (Wash. 2009) (en banc) ("Deception exists 'if there is a representation, omission or practice that is likely to mislead' a reasonable consumer." (quoting *Sw. Sunsites, Inc. v. Fed. Trade Comm'n*, 785 F.2d 1431, 1435 (9th Cir. 1986)); RCW 19.86.010(2) ("trade" and "commerce" in the context of the CPA includes "the sale of assets or services"). We also agree that Brandt's actions affected the public interest. "[I]t is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." *Hangman Ridge*, 719 P.2d at 538. Here, it is likely "that additional plaintiffs have been or will be injured in exactly the same fashion" as Plaintiffs because Brandt was purchasing targeted advertisements to solicit new customers for his business in additional markets and planned to raise "cash to pay

24-1230

bills" by "selling additional boats." Brandt's actions also injured Plaintiffs by depriving them of the use and enjoyment of the boat, and of the full contract price for the boat. *See Mason v. Mortg. Am., Inc.*, 792 P.2d 142, 148 (1990) (en banc) ("A loss of use of property which is causally related to an unfair or deceptive act or practice" satisfies the CPA's injury and causation requirements.). Thus, Plaintiffs established all elements of a CPA violation.[2]

      f.    The district court did not err in granting Plaintiffs' motion for summary judgment on Brandt's counterclaims for fraud and breach of contract. As the district court properly concluded, Brandt produced no evidence showing that Plaintiffs committed fraud or breached the contract. Accordingly, Brandt's fraud and breach of contract counterclaims cannot survive summary judgment. *See Teamsters Local Union No. 117 v. Wash. Dep't of Corr.*, 789 F.3d 979, 994 (9th Cir. 2015) ("Argument without evidence is hollow rhetoric that cannot defeat summary judgment.").

5.    The district court did not err in denying Brandt's motion to compel arbitration. *See Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1000 (9th Cir. 2023) (reviewing de novo the district court's decision on a motion to compel

---

    [2] Brandt does not dispute the district court's factual findings relevant to Plaintiffs' CPA claim. Rather, he argues that this court should reverse because Plaintiffs failed to "show that [he] acted with scienter." But the authority Brandt cites does not involve the CPA or establish that scienter is required to prevail on a CPA claim.

arbitration and reviewing underlying factual findings for clear error). Brandt bases his demand for arbitration on Plaintiffs' alleged failure to pay several invoices relating to the boat. But the controlling arbitration provision in the parties' contract excludes disputes concerning unpaid or late paid invoices. Accordingly, reversal is not warranted.

6. More than 30 days after the district court entered a final order and amended judgment awarding Plaintiffs attorneys' fees, costs, and post-judgment interest, Brandt filed an untimely amended notice of appeal. Because the amended notice was untimely, we lack jurisdiction to review Brandt's challenge to the district court's final order and amended judgment. *See Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1482 (9th Cir. 1996) ("A notice of appeal must be filed within 30 days of the date of entry of a judgment or an appealable order. Fed. R. App. P. 4(a). This requirement is 'mandatory and jurisdictional.'" (quoting *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978))).

7. Brandt has forfeited any First, Sixth, and Seventh Amendment challenges as he failed to raise these issues before the district court. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (explaining that an issue is forfeited if not raised in the trial court); *One Industries, LLC v. Jim O'Neal Distributing, Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009) (same).

8. Brandt has forfeited all other issues on appeal as he has not adequately

developed or supported them in his briefing. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) ("Issues raised in a brief which are not supported by argument are deemed abandoned."); *California Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 570 (9th Cir. 2018) (same).

**AFFIRMED**.